# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOES 1 through 13,<br><br>　　　　Defendants. | Case No. 12-CV-01260-MCE-JFM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE** |

1  **THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff, Malibu Media LLC, is the registered owner of the copyrights to 15 of the motion pictures included in the siterip.

2. Plaintiff filed a complaint against Doe defendants alleging direct copyright infringement and contributory copyright infringement. Compl. ¶¶ 45-61.

3. The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without either (1) the prior written or electronic consent of the subscriber; or (2) a court order, provided the cable operator provides the subscriber with notice of the disclosure. 47 U.S.C. § 551(c)(1), (c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). Accordingly, Plaintiff seeks a court order instructing Charter Communications, Comcast Cable, SBC Internet Services, Wave Broadband, and XO Communications to produce documents and information sufficient to identify the users of the IP addresses. A chart of the Internet Protocol Addresses and corresponding Internet Service Providers is below:

| | | |
|---|---|---|
| 1 | 24.176.246.156 | Charter Communications |
| 2 | 24.10.13.103 | Comcast Cable |
| 3 | 67.164.210.91 | Comcast Cable |
| 4 | 71.193.20.178 | Comcast Cable |
| 5 | 71.197.88.209 | Comcast Cable |
| 6 | 76.114.18.223 | Comcast Cable |
| 7 | 108.241.28.91 | SBC Internet Services |
| 8 | 108.70.224.169 | SBC Internet Services |

| 9 | 108.83.211.39 | SBC Internet Services |
|---|---|---|
| 10 | 63.205.199.128 | SBC Internet Services |
| 11 | 69.230.118.127 | SBC Internet Services |
| 12 | 76.14.177.219 | Wave Broadband |
| 13 | 66.237.49.3 | XO Communications |

4. Consistent with the vast majority of district courts in this Circuit to consider the issue, the undersigned finds that good cause supports permitting plaintiff to conduct limited early discovery in order to discover the identities of the Doe defendants. First, Plaintiff has only named Doe Defendants in this action, has declared through its counsel that the identities of the Doe Defendants are unknown to Plaintiff at this time, and has credibly declared through its counsel that Plaintiff cannot serve the Complaint until it conducts discovery into the identities of the persons associated with the IP addresses in Exhibit A to Plaintiff's counsel's declaration. See Declaration of Leemore Kushner ("Kushner Decl.") at ¶¶ 3-4. Second, Plaintiff plainly cannot conduct a Rule 26(f) conference without knowing the names and contact information of the Doe defendants. Kushner Decl. at ¶ 3. Third, Plaintiff's representations presently support that each IP address is associated with a particular individual and that the discovery sought will facilitate identification of the defendants and service of process. Kushner Decl. at ¶ 4. The Court also finds that the ISPs will not suffer any material prejudice by being served with Rule 45 subpoenas that require the ISPs to provide the names and contact information of some of its customers. Plaintiff's discovery is limited in terms of the type of information sought.

5. Courts in the Ninth Circuit have considered four factors derived from Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573 (N.D.Cal. 1999), in evaluating motions for permission to conduct early discovery in cases such as this one, "whether the plaintiff: (1) identifies the Doe Defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3)

2

demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process." See MCGIP, LLC v. Does 1-49, 2011 WL 3607666 at *2 (citing Columbia Ins. Co., 185 F.R.D. at 578-80).

A.  <u>Identification of Defendants</u>: Plaintiff provides the Court with the unique IP addresses and names of the ISPs that provided internet access for the users of the identified IP addresses. IPP Limited, Plaintiff's investigator, allegedly recorded each IP address assigned to the defendants by the ISP, sending it a piece of plaintiff's copyrighted work in violation of plaintiff's exclusive distribution right under 17 U.S.C. §106. The requested discovery will provide the true names and addresses of the individuals Plaintiff alleged performed the infringing acts. Plaintiff has alleged and Plaintiff's counsel has declared that, the ISP has the ability to correlate the IP Address used to commit the infringement to the subscriber of internet service, who Plaintiff alleged committed the infringement. See Kushner Decl. at ¶ 5. The court finds that plaintiff has sufficiently identified each John Doe defendant such that the court can determine that the defendants are real persons or entities who may be sued in federal court.

B.  <u>Previous Steps Taken to Locate Defendants</u>: Plaintiff has identified the Doe defendants' IP addresses and ISPs. Because the transactions at issue occurred entirely online, the IP addresses and ISPs are the defendants' only available identifying information. Without discovery, there are no other measures Plaintiff can take to identify the Doe defendants or obtain their personal information. The Court therefore finds that Plaintiff has made a good faith effort to comply with the requirements of service of process and specifically identify defendants. See Columbia Ins. Co., 185 F.R.D. at 579.

C.  <u>The Action can Withstand a Motion to Dismiss</u>: "[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and

3

1 (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir.2004) (citing 17 U.S.C. § 501(a) (2003); Ets–Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1073 (9th Cir.2000)). To prove a claim of direct copyright infringement, "a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act," whereas "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of *another* may be liable as a 'contributory' [copyright] infringer. Id. (alteration in original) (citation omitted). The Ninth Circuit has "interpreted the knowledge requirement for contributory copyright infringement to include both those with *actual knowledge* and those who *have reason to know* of direct infringement." Id. (alteration in original) (citation omitted). Plaintiff alleges that it is the owner, and holds the copyright registration certificate, of a motion picture that Defendants copied and publicly distributed without authorization. Plaintiff alleges that the Defendants knew or should have known that other BitTorrent users in a swarm with it, here the other Defendants, were directly infringing Plaintiff's copyrighted Work by copying constituent elements of the registered Work that are original and each Defendant directly participated in and therefore materially contributed to each other Defendant's infringing activities. Compl. ¶¶ 57-59. Accordingly, Plaintiff has alleged the prima facie elements of both direct and contributory copyright infringement and could withstand a motion to dismiss these claims. See Columbia Ins. Co., 185 F.R.D. at 579–80. In this case, Malibu Media, LLC, has alleged sufficient facts to withstand a motion to dismiss on its claim asserted in this lawsuit.

       i.    Joinder: Consistent with the overwhelming majority of Courts to consider the issue, prior to the identification of the Doe Defendants, this Court finds joinder is proper. This finding is made without prejudice to the Defendant's ability

to raise the issue after the disclosure of the Doe Defendants' identities.  (See Liberty Media Holdings, LLC v. Does 1-62, 2011 WL 1869923 (S.D. Cal. 2011); OpenMind Solutions, Inc. v. Does 1-39, 2011 WL 4715200 (N.D. Cal. 2011)).

D. <u>Reasonable Likelihood that Discovery will lead to Identification</u>: The fourth factor examines whether Plaintiff has demonstrated that there is a reasonable likelihood that the discovery it requests will lead to the identification of Defendants such that it may effect service of process.  Columbia Ins. Co., 185 F.R.D. at 580.  As indicated above, Plaintiff contends that the key to locating Defendants is through the IP addresses associated with the alleged activity on BitTorrent.  Specifically, Plaintiff contends that because ISPs assign a unique IP address to each subscriber and retain subscriber activity records regarding the IP addresses assigned, the information sought in the subpoena will enable Plaintiff to serve Defendants and proceed with this case.  Taking this into account, the Court finds that Plaintiff has made a sufficient showing as to this factor.

6. For Good Cause shown, It Is Hereby Ordered that:

(A) Plaintiff, Malibu Media, LLC, may serve subpoenas, pursuant to Fed.R.Civ.P. 45, on Charter Communications, Comcast Cable, SBC Internet Services, Wave Broadband, and XO Communications that seek information sufficient to identify the Defendants, including their names, current addresses, telephone numbers and e-mail addresses;

(B) Plaintiff, Malibu Media, LLC, may only use the information disclosed for the sole purpose of protecting its rights in pursuing this litigation;

(C) Within thirty (30) calendar days after service of the subpoenas, Charter Communications, Comcast Cable, SBC Internet Services, Wave Broadband, and XO Communications shall notify the subscribers that their identities are sought by Malibu Media, LLC and shall deliver a copy of this order to them;

Charter Communications, Comcast Cable, SBC Internet Services, Wave

5

1  Broadband, and XO Communications shall not require plaintiff to pay a fee in
2  advance of providing the subpoenaed information; nor shall Charter
3  Communications, Comcast Cable, SBC Internet Services, Wave Broadband, and XO
4  Communications require plaintiff to pay a fee for an IP address that is not controlled
5  by it, or for duplicate IP addresses that resolve to the same individual, or for an IP
6  address that does not provide the name of a unique individual, or for their internal
7  costs to notify its customers.  If necessary, the Court shall resolve any disputes
8  between Charter Communications, Comcast Cable, SBC Internet Services, Wave
9  Broadband, and XO Communications and Plaintiff regarding the reasonableness of
10 the amount proposed to be charged by Charter Communications, Comcast Cable,
11 SBC Internet Services, Wave Broadband, and XO Communications after the
12 subpoenaed information is provided to plaintiff.
13          IT IS SO ORDERED.
14 DATED: June 21, 2012.

_____
UNITED STATES MAGISTRATE JUDGE