Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile :   (310) 546-5301

Attorney for: Putative John Doe No. 2
              Putative John Doe No. 5

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOES 1 through 10,<br><br>        Defendants. | Case Number(s): 2:12-cv-1260-MCE-JFM<br><br>Assigned to Hon. Morrison C. England<br>Referred to Hon. John F. Moulds<br><br>**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**<br><br>Hearing Date: September 6, 2012<br>Hearing Time: 2:00 p.m.<br>Hearing Room: Courtroom 7, Sacramento |

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................... ii

TABLE OF AUTHORITIES ..............................................................iv

I. INTRODUCTION AND SUMMARY ..................................................1

II. THESE CASES ARE PART OF THE "NATIONWIDE BLIZZARD OF CIVIL ACTIONS BROUGHT BY PURVEYORS OF PORNOGRAPHIC FILMS ALLEGING COPYRIGHT INFRINGEMENT" ........................................4

III. MALIBU MEDIA HAS A HISTORY OF "SHAKING DOWN" JOHN DOES FOR AS LONG AS POSSIBLE AND THEN VOLUNTARILY DISMISSING THE CASE WITHOUT PREJUDICE PRIOR TO SERVING ANYONE ..........................5

IV. THE ORDER AUTHORIZING EARLY DISCOVERY SHOULD BE VACATED AND THE SUBPOENAS SHOULD BE QUASHED  BECAUSE THEY FAIL ON THE *GILLESPIE* AND *SEMITOOL* FACTORS ..........................6

    (a)  Standard for Assessing the Propriety of Subpoenas in File Sharing Cases6

    (b)  The Subpoenas are not "Very Likely" to Reveal the Identities of Defendants Because Plaintiff's Theory of the Case Rests on a "Tenuous" Assumption ..........................................................8

    (c)  The Subpoenas are Not "Reasonably Likely" to Effectuate Service on Defendants Because Malibu Media Has Shown Through Past Conduct That It is Not Interested In Service or Reaching the Merits .................9

    (d)  The Complaint Cannot Withstand a Hypothetical Motion to Dismiss Because Joinder is Impermissible .............................................10

    (e)  Plaintiff's "Abusive Litigation Tactics" Also Support Vacating the Early Discovery Order "On the Basis of Fundamental Fairness"......................11

V. JOINDER IS NOT PERMISSIBLE AND, EVEN IF IT WERE, THE COURT SHOULD STILL EXERCISE ITS DISCRETION AND SEVER THE DOES .........13

    (a)  Standard for Joinder ..................................................13

    (b)  Defendants Merely "Committed Same Type of Violation in the Same Way," Which is Not Enough to Satisfy Transactional Relatedness Test..14

    (c)  John Does Accessing the Same File Days, Weeks or Months Apart Are Not Part of the Same Transaction or Occurrence ..........................16

    (d)  Even if Joinder Were Permissible, The Court Should Still Exercise its Discretion and Sever the Does in Light of This Plaintiff's Abusive Litigation Tactics and the Burden on the Courts, the ISPs and the Does 17

VI. PROTECTIVE ORDER SHOULD BE ENTERED ...............................18

MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER

**VII. COURTS ARE INCREASINGLY ENDORSING "THE SENSIBLE PROTOCOL ADOPTED BY JUDGE BROWN" IN THESE CASES** ......................**19**

**VIII. CONCLUSION**................................................................................**20**

**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**

# TABLE OF AUTHORITIES

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516,
521-522 (5th Cir. 2010) ……………………………….…… 14, 17

*AF Holdings LLC v. Does 1-1,058*, D.D.C. Case No. 12-cv-0048-BAH,
Dkt. No. 8-1, 3/02/12……………………………………....…4, 17

*AF Holdings, LLC v. John Doe*, D. Min. Case No. 12-cv-1445, Dkt. No. 7, 7/5/12……..8

*AF Holdings LLC v. Does 1-96*, N.D. Cal. No. 11-cv-3335-JSC,
Dkt. No. 14, 9/27/11 ("*AF Holdings*")…………………………………..8, 15

*Boy Racer Inc. v. Does 1-60*, 11-cv-01738-SI, 2011, 2011 U.S. Dist.
LEXIS 92994, at *4 (N.D. Cal. Aug. 19, 2011) …………………………..15

*Call of the Wild Movie, LLC v. Does 1-1,062*, D.D.C. Case No. CV-10-455,
Dkt. No. 40, 3/22/2011……...……………………………………………7

*Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80
(N.D. Cal. 1999)……………………………………………… 2,7,10

*Diabolic Video Prods. v. Does 1-2099*, 2011 U.S. Dist. LEXIS 58351
(N.D. Cal. May 31, 2011)………..……………………………...11, 14

*Digital Sins, Inc. v. John Does 1-245*, S.D.N.Y. Case No. 11-cv-8170,
Dkt. No. 18, 5/15/12 ("*Digital Sins*")…………………………………passim

*Discount Video Center, Inc. v. Does 1-5041*, No. C11-2694CW (PSG)
(N.D. Cal. filed June 3, 2011)………………………………………..4

*Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980)………………………passim

*Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150
(N.D. Cal. August 23, 2011)
Case No. 11-cv-01566, Dkt. No. 18 ("*Hard Drive Prods.*") …………..……passim

*In re: Anonymous Online Speakers*, 661 F.3d 1168, 1174–76
(9th Cir. 2011) ……………………………………………………7

-iv-

*In re: BitTorrent Adult Film Copyright Infringement Cases,*

    2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012)

    Case No. CV-11-3995-DRH-GRB, Dkt. No. 39

    ("*In re: Adult Film Cases*")…………….....………………………...…..passim

*K-Beech, Inc. v. Does 1-85*, 2011 U.S. Dist. LEXIS 124581

    (E.D. Va. Oct. 5, 2011)……………………………………………...4, 12

*Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW,

    Dkt. No. 7, 6/27/12…………………………………………………......16, 17

*Malibu Media v. John Does 1-13*, S.D. Cal. Case No. 0358, Dkt. No. 7, 6/8/12…………6

*Malibu Media v. John Does 1-13*, E.D. Va. Case No. 12-cv-1156,

    Dkt. No. 26, 6/19/12 ……………...…………………………………...19

*Malibu Media, LLC v. John Does 1-11*, 2012 U.S. Dist. LEXIS 94648

    (D.D.C. July 10, 2012) …………………………………………...3, 18

*Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 94705

    (E.D. Cal. July 6, 2012) …………………………………………20

*Malibu Media, LLC* v. Doe, 2012 U.S. Dist. LEXIS 96333

    (E.D. Cal. July 10, 2012) …………………………………………...20

*Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 96351

    (E.D. Cal. July 10, 2012) …………………………………………...20

*Malibu Media, LLC v. John Does 1-54*, D. Co. Case No. 12-1407,

    Dkt. No. 14, 7/25/12…………………………………………...17, 20

*Malibu Media, LLC v. John Does 1-5*, D. Co. Case No. 12-1405,

    Dkt. No. 14, 7/25/12 …………………………………………17, 20

*Millenium TGA, Inc. v. Tyree Paschall*, S.D. Cal. Case No. 12-cv-0792,

    Dkt. No. 5, 5/21/12…………………………………………….6

*New Sensations, Inc. v. Does*, 2011 U.S. Dist. LEXIS 94909

    (N.D. Cal. Aug. 24, 2011)…………………………………………...10

**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**

*On The Cheap, LLC v. Does 1-5011*, -- F.R.D. --, 2011 WL 4018258,

    (N.D. Cal. Sept. 6, 2011)………………………………………….......12

*Pacific Century Int'l., Ltd. v. John Does 1-37*, – F. Supp. 2d –, 2012 WL 1072312

    (N.D. Ill. Mar. 30, 2012) Case No. 12-cv-1057, Dkt. No. 23………………...12, 15

*Patrick Collins v. John Does 1-54,* 2012 U.S. Dist. LEXIS 36232

    (D. Ariz. Mar. 19, 2012)……………………………………………2, 7, 10

*Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 75986

    (E.D.N.Y. May 31, 2012) ……………………………………………..20

*Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 96350

    (E.D. Cal. July 10, 2012) ……………………………………………..20

*Raw Films, Ltd. v. Does 1-32*, 2011 WL 6182025

    (E.D. Va. Oct. 5, 2011)…… ……………………………………...passim

*SBO Pictures*, 2011 WL 6002620…………………………………………… 13

*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276

    (N.D. Cal. 2002)…………. ……………………………………...passim

*Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566

    (S.D.N.Y. 2004)……………………………………………...passim

*Zero Tolerance Entm't, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 78834

    (S.D.N.Y. June 5, 2012)……………………………………………..20

**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**

**Rules**

Fed. R. Civ. Proc. 1………………………………………………………………16

Fed. R. Civ. Proc. 20(a)…………………………………………………...…16, 17

Fed. R. Civ. Proc. 26(c)…………………………………………………...16, 21

**Treatises**

4-20 Moore's Federal Practice - Civil § 20.02…………………………………17

**Periodicals**

*Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011) ………11

**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**

## I.  INTRODUCTION AND SUMMARY

These actions are an attempt by Malibu Media to improperly use this Court's subpoena power, and the social stigma associated with pornography, to leverage easy settlements out of John Does, many of whom did not download the movies at issue. Based on its past track record, plaintiff Malibu Media, LLC appears to have "no interest in actually" serving anyone or "litigating the case, but rather simply ha[s] ***used the Court and its subpoena power to obtain sufficient information to shake down the John Does***" for an easy settlement. *In re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012) (Case No. CV-11-3995-DRH-GRB, Dkt. No. 39) ("*In re: Adult Film Cases*") (comprehensive report and recommendation of Magistrate Judge Gary R. Brown addressing similar cases filed by Malibu Media, among others).

Nationwide, as of July 17, 2012, Malibu Media has 35 cases pending that are at least 120-days old.  In these 35 cases, Malibu Media has sued 633 John Does for copyright infringement.  As of July 17, 2012, in the 35 cases over 120-days old, ***Malibu Media appears to have formally served precisely <u>zero (0) out of 633</u> John Does/Defendants***.  Out of these cases, a total of three unrepresented individuals have been *named*, and one person's lawyer accepted service pending adjudication of that person's motion to quash.  In all the other cases over 120-days old, Malibu Media either: (i) voluntarily dismissed remaining John Does (meaning those who had not already settled) *without* prejudice at or near the service deadline; (ii) sought leave of Court for an extension of time for service, or simply ignored the service deadline altogether; or (iii) in two cases, where Malibu Media apparently did not like the Judge it was assigned, it simply dismissed the case without prejudice prior to even requesting early discovery. *See* <u>Exhibit E</u> to Dec'l of Morgan E. Pietz; *see also* <u>Appendix 1</u> (collection of all 35 docket reports for Malibu Media's cases older than 120 days, downloaded from PACER).

These hard numbers belie Malibu Media's representation, which it makes repeatedly, to courts across the country, when applying for early discovery, "that the discovery sought will facilitate identification of the defendants ***and service of process***.

Kushner Decl. at ¶ 4." (emphasis added).[1]   That statement was made by plaintiffs counsel

in this case, as in others.  E.D. Cal. Case No. 12-cv-1260, Dkt. No. 11-5 (Declaration of

Leemore Kushner), p. 2, ¶ 4, and Dkt. No. 11-6 (Proposed Order) p. 4, ¶ 4; *see also, e.g.*

C.D. Cal. Case No. 12-3614, Dkt. No. 4-5.  While the subpoenas requested by Malibu

Media in these cases might *theoretically* "facilitate" service, in *actuality*, based on Malibu

Media's track record in its 35 cases over 120-days old, the subpoenas *never* do.

Accordingly, the subpoenas should be quashed, because they are not "reasonably

likely" to effectuate service of the complaint. *Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist.

LEXIS 36232 (D. Ariz. Mar. 19, 2012); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D.

573, 578-80 (N.D. Cal. 1999); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D.

273, 276 (N.D. Cal. 2002) *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566

(S.D.N.Y. 2004).  Here, "it is evident that ***expedited discovery will not lead to***

***identification of the Doe defendants or service of process***. ***Indeed, the fact that no***

***defendant has ever been served in one of these mass copyright cases*** belies any effort by

plaintiff to allege that the discovery *will* lead to identification of and service on the Doe

defendants." *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal.

August 23, 2011) (Case No. 11-cv-01566, Dkt. No. 18, at p. 11) ("*Hard Drive Prods.*")

(emphasis added) (severing all Does other than Doe No. 1, quashing outstanding

subpoenas, and dismissing cases against severed Does without prejudice).

The second fallacy plaintiff is in the business of perpetuating—quite profitably—is

the notion that whomever happens to pay the cable/Internet bill for a household is likely to

be the same person who downloaded plaintiff's copyrighted pornographic film.  In an age

when most homes have routers and wireless networks and multiple computers share a

single I.P. address, the infringer could be a teenage son with a laptop, an invitee, or a

hacker down the street.  Thus, "there is a reasonable likelihood that the [the Does] may

have had no involvement in the alleged illegal downloading that has been linked to his or

---

[1] That very statement was made in this case, E.D. Cal. Case No. 12-cv-1260, Dkt. No. 11-5, p. 2, ¶
4.

her IP address." *Malibu Media, LLC v. John Does 1-11*, 2012 U.S. Dist. LEXIS 94648 (D.D.C. July 10, 2012).

Even if Malibu Media were really interested in litigating this case on the merits, the subpoena should still be denied because it is not "very likely" or even "reasonably likely" that the person whose information is sought from the ISP (*i.e.*, the subscriber who happens to pay cable/Internet the bill) would actually be the particular defendant alleged to have infringed plaintiff's copyright. Thus, the rights of innocent people are likely at stake, and the subpoena at issue here fails under *Gillespie's* "very likely" standard, and also fails under the *Sony Music* and *Semitool* factors.

Further, perhaps "the most persuasive argument against permitting plaintiffs to proceed with early discovery arises from the clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigations tactics to extract settlements from John Doe defendants." *In re: Adult Film Cases, supra,* at pp. 16–17. As explained in the Declaration of Morgan E. Pietz, ***the plaintiff here is running the complete playbook of copyright troll abusive litigation tactics***. Specifically, the plaintiff: (i) is using the same "settlement negotiators" as other notorious copyright trolls; (ii) using subpoena information to collect on claims that go beyond the complaint; (iii) willfully violating courts' notice of related case rules to try and fly under the radar; (iv) seeking John Doe phone numbers and email addresses despite a court order telling Malibu Media not to do so anymore; (v) misrepresenting the range of potential damages. Declaration of Morgan E. Pietz re: Abusive Litigation Tactics ¶¶ 15–31.

Recently, many other courts have considered these kinds of cases and determined how best to deal with them: quash the subpoenas, sever and dismiss, without prejudice, all of the Does other than Doe No. 1, and enter a protective order. The Moving Parties respectfully request that this Court do the same by granting this motion. *In re: Adult Film Cases, supra*.

-3-

## II.  THESE CASES ARE PART OF THE "NATIONWIDE BLIZZARD OF CIVIL ACTIONS BROUGHT BY PURVEYORS OF PORNOGRAPHIC FILMS ALLEGING COPYRIGHT INFRINGEMENT"

The fact that these lawsuits involve copyrighted works with obvious pornographic titles is significant.  As Judge Wright recently explained in one of the Central District of California cases filed by Malibu Media,

> "The Court is familiar with lawsuits like this one. *AF Holdings LLC v. Does 1-1058*, No. 1:12-cv-48(BAH) (D.D.C. filed January 11, 2012); *Discount Video Center, Inc. v. Does 1-5041*, No. C11-2694CW(PSG) (N.D. Cal. filed June 3, 2011); *K-Beech, Inc. v. John Does 1-85*, No. 3:11cv469-JAG (E.D. Va. filed July 21, 2011). [2]  These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff.  The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.
>
> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. ***The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial***. By requiring

---

[2] Malibu Media has a "Joint Sharing Agreement" to use the same "settlement negotiator" company as AF Holdings LLC and K-Beech, Inc.  Declaration of Morgan E. Pietz ¶ 22.

**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**

Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it." *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 6. (emphasis added).

Essentially, in these kinds of cases, the "Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting 'settlement' payments from persons who may or may not be infringers." *Hard Drive Prods.*, *supra*, at p. 11.

### III.  MALIBU MEDIA HAS A HISTORY OF "SHAKING DOWN" JOHN DOES FOR AS LONG AS POSSIBLE AND THEN VOLUNTARILY DISMISSING THE CASE WITHOUT PREJUDICE PRIOR TO SERVING ANYONE

The proof that this is a non-judicial settlement business and not a good faith lawsuit seeking vindication of a legal right is in the numbers.

Since Malibu Media would not answer the question of 'how many Does has it served?' under penalty of perjury, despite this firm repeatedly challenging it to do so, this firm pulled the dockets for the 35 cases filed by Malibu Media, nationwide, that are at least 120-days old as of July 17, 2012, to see whether any proofs of service of a complaint have been filed.  The results of this research reveal why Malibu Media was not anxious to answer this question. *See* Exhibit E to Dec'l of Morgan Pietz; Appendix 1.

As noted above, the short answer to the question as to number of Does served appears to be zero.  In the 35 cases where Malibu Media has already passed the 120-day limit for service mandated by Fed. R. Civ. Proc. 4(m), there is no evidence a single Doe has ever been formally served; no proof of service has eve been filed.  The only exception, is that one John Doe's lawyer accepted service pending consideration of a motion to quash set later this month.  Exhibit E to Dec'l of Morgan E. Pietz; Appendix 1, p. 77.

In two judicial districts—the Eastern District of Virginia and the Eastern District of New York—where all of Malibu Media's cases were assigned to the same Judicial Officer, that Judicial Officer has essentially shut down Malibu Media's settlement operation. *See* Appendix 1 at pp. 78–101, 117–130; *In re: Adult Film Cases*, *supra*; *Malibu Media, LLC v. John Does 1-23,* E.D. Va. Case No. 12-cv-0159, Dkt. No. 10, 4/3/12 (consolidated report and recommendation dealing with seven Malibu Media cases).

Setting aside the 14 cases in these two districts, of the 21 remaining cases over 120-days old: (i) in 12 of them, Malibu Media filed a voluntary dismissal of remaining Does at or near the service deadline; (ii) in 6 of them, Malibu Media sought at least one request for an extension of time in which to (supposedly) effect service of process; and (iii) in 2 of them, after the case was assigned to a Judge Malibu Media did not like, Malibu Media simply dismissed the complaint without prejudice before ever filing a request for early discovery.[3]  In a few other cases, it appears that Malibu Media has essentially ignored the service of process deadline.  *E.g.*, C.D. Cal. Case Nos. 12-cv-1642 and 12-cv-1647.

## IV.  THE ORDER AUTHORIZING EARLY DISCOVERY SHOULD BE VACATED AND THE SUBPOENAS SHOULD BE QUASHED BECAUSE THEY FAIL ON THE *GILLESPIE* AND *SEMITOOL* FACTORS

**(a)     Standard for Assessing the Propriety of Subpoenas in File Sharing Cases**

Generally, a court may authorize early discovery before the Rule 26(f) conference for "good cause." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery. . . outweighs the prejudice to the responding party." *Id.*

---

[3] On February 9, 2012, Malibu Media filed a complaint in the Southern District of California that was referred to Magistrate Judge William Gallo. Somewhat unusually, Malibu Media did not file a request for early discovery in that case within the first two months.  On May 21, 2012, Judge Gallo issued an order denying Prenda Law's discovery request in a similar case entitled *Millenium TGA, Inc. v. Tyree Paschall*, S.D. Cal. Case No. 12-cv-0792, Dkt. No. 5, 5/21/12.  Accordingly, on June 8, 2012, Malibu Media's counsel here, Leemore Kushner filed a request for voluntary dismissal without prejudice in the Malibu Media case then pending before Magistrate Judge Gallo.  *Malibu Media v. John Does 1-13*, S.D. Cal. Case No. 0358, Dkt. No. 7, 6/8/12.

One point Malibu Media tries to gloss over in its requests for early discovery is that the subpoenas in these cases implicate the First Amendment right to anonymity, which extends to online file sharing. *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (surveying case law and concluding "that the use of P2P file copying networks to download, distribute, or make sound recordings available qualifies as speech entitled to First Amendment protection."); *Call of the Wild Movie, LLC v. Does 1-1,062*, D.D.C. Case No. CV-10-455, Dkt. No. 40, 3/22/2011, p. 21 ("file-sharers are engaged in expressive activity, on some level, when they share files on BitTorrent, and their ***First Amendment rights must be considered before the Court allows the plaintiffs to override the putative defendants anonymity by compelling production of the defendants' identifying information***."); *see also  In re: Anonymous Online Speakers*, 661 F.3d 1168, 1174–76 (9th Cir. 2011) (noting different Constitutional standards applied to different kinds of anonymous speech).

In considering whether a mass infringement plaintiff's purported need for civil discovery should override the Does' Constitutional rights to anonymity, Courts generally apply four factors, which are referred to in cases as the *Semitool* factors or the *Sony Music* factors.[4]  Courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 36232 (D. Ariz. Mar. 19, 2012);  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004).

---

[4] The Ninth Circuit's *Semitool* factors largely track with the Second Circuit's *Sony Music* factors.

**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**

In addition, in many cases like this one, Courts have applied the Ninth Circuit's rule from *Gillespie* and "ask whether the requested early discovery is 'very likely' to reveal the identities of the Doe defendants." *Hard Drive Prods., supra,* at p. 18 *citing Gillespie v. Civiletti,* 629 F.2d 637, 642–43 (9th Cir. 1980).

**(b)      The Subpoenas are not "Very Likely" to Reveal the Identities of Defendants Because Plaintiff's Theory of the Case Rests on a "Tenuous" Assumption**

Contrary to the incorrect assertion Malibu Media made in its *unopposed* papers seeking early discovery, it is hardly "unanimous" that courts permit early discovery in cases like these.

In reality, numerous courts have applied the *Gillespie* "very likely" standard and denied early discovery and/or quashed subpoenas in other mass copyright infringement cases just like this one, where pornographers sought to subpoena John Doe contact information from ISPs. *AF Holdings LLC v. Does 1-96*, N.D. Cal. No. 11-cv-3335-JSC, Dkt. No. 14, 9/27/11, p. 6 ("*AF Holdings*") (denying requested early discovery because it was not "very likely to enable Plaintiff to identify the doe defendants."); *Hard Drive Prods., supra,* at pp. 4–6 (denying early discovery because "It is abundantly clear that plaintiff's requested discovery is not 'very likely' to reveal the identities of the Doe defendants."); *AF Holdings, LLC v. John Doe*, D. Min. Case No. 12-cv-1445, Dkt. No. 7, 7/5/12 (denying early discovery because "the requested discovery was 'not very likely' to reveal the identity of the alleged infringer.").

The same result was also reached by Magistrate Judge Gary R. Brown of Eastern District of New York in an increasingly important case involving a few of the most notorious copyright trolls, including Malibu Media.  *In re: Adult Film Cases*, *supra*, at p. 23 ("the Court is not inclined to grant the broad early discovery sought by Malibu and Patrick Collins.")  As noted by Judge Brown, who was assigned all of the adult film mass infringement cases in the Eastern District of New York, "***the assumption that a person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is <u>tenuous</u>, and one that has grown more so***

*over time*." *In re: Adult Film Cases*, *supra*, at p. 6 (emphasis added).  As Judge Brown further explained, this is due, in part, to the proliferation of home networks and wireless routers, a single IP address may support multiple Internet users.[5]  *Id.*  Thus, "it is no more likely that the subscriber to an IP address carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an individual who pays the phone bill made a specific telephone call." *Id.*   "Most, if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, *the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper*." *Id.* at p. 8 (emphasis added).  Thus, Judge Brown also denied the broad early discovery requested by Malibu Media and others in that case.  *Id.* at p. 23.

**(c)**     **The Subpoenas are Not "Reasonably Likely" to Effectuate Service on Defendants Because Malibu Media Has Shown Through Past Conduct That It is Not Interested In Service or Reaching the Merits**

Courts in both the Second and Ninth Circuits agree that in John Doe online infringement cases, it must be "reasonably likely" that the discovery requested will help *effectuate service on a defendant. Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (surveying "cases evaluating subpoenas seeking identifying information from ISPs" and concluding that subpoena must be "sufficiently specific to establish a *reasonable likelihood* that the discovery request would lead to *identifying information that would make possible service upon particular defendants* who could be sued in federal court.") (emphasis added); *New Sensations, Inc. v. Does*, 2011 U.S. Dist.

---

[5] Carolyn Thompson writes in an MSNBC article of a raid by federal agents who kicked down the door of a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

-9-

LEXIS 94909 (N.D. Cal. Aug. 24, 2011) ("In determining whether there is good cause to allow expedited discovery to identify anonymous internet users named as doe defendants, courts consider whether:. . .(4) the plaintiff has demonstrated that there is a ***reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible***.") (emphasis added) *citing Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

Here, "As discussed above, it is evident that expedited discovery will not lead to identification of the Doe defendants or service of process. ***Indeed, the fact that no defendant has ever been served*** in one of these mass copyright cases belies any effort by plaintiff to allege that the discovery will lead to identification of and service on the Doe defendants." *Hard Drive Prods.*, *supra*, at p. 11 (emphasis added).  In reality, here there is ***little to no chance*** most of the Does will be served, much less a "reasonable likelihood" that the subpoenas will lead to service on the actual infringers.  *See id.*

**(d)    The Complaint Cannot Withstand a Hypothetical Motion to Dismiss Because Joinder is Impermissible**

In evaluating cases pitting the Does' First Amendment right to anonymity against a plaintiff's purported need to conduct civil discovery so as to prosecute a lawsuit, courts must require that in order to obtain discovery of a John Does' identity, ***the plaintiff's complaint must be able to withstand a hypothetical motion to dismiss.***  *Hard Drive Prods., supra*, pp. 3, 8–10 (plaintiff must show that its "suit against defendant could withstand a motion to dismiss."); *see also Patrick Collins v. John Does 1-54,* 2012 U.S. Dist. LEXIS 36232, *8 (D. Ariz. Mar. 19, 2012).

Here, there is an obvious flaw with plaintiff's complaint such that it should be dismissed: all of the John Does other than John Doe No. 1 are impermissibly joined.  As explained in further detail in Section V, joinder here is not permissible.  Accordingly, the Court should follow the lead of Magistrate Judge Brown, who held that early discovery should be denied because "While the plaintiff has alleged that it owns a valid copyright and that defendants copied the copyrighted work, the court concludes that the complaint could

and should be dismissed for misjoinder as to all but a single Doe defendant." *In re: Adult Film Cases., supra,* at p. 18; *citing Diabolic Video Prods. v. Does 1-2099,* 2011 U.S. Dist. LEXIS 58351, *9 (N.D. Cal. May 31, 2011).

**(e)**   **Plaintiff's "Abusive Litigation Tactics" Also Support Vacating the Early Discovery Order "On the Basis of Fundamental Fairness"**

As noted above, Magistrate Judge Brown of the Eastern District of New York has explained that perhaps,

> "the most persuasive argument against permitting plaintiffs to proceed with early discovery arises from the clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigations tactics to extract settlements from John Doe defendants.  Indeed, this may be the principal purpose of these actions, and these tactics distinguish these plaintiffs from other copyright holders with whom they repeatedly compare themselves. *See, e.g., K-Beech*, Pl. Mem. in Opp. at 3, DE (arguing that this decision "will affect the rights of intellectual property holders across all segments of society"). While not formally one of the *Sony Music* factors, these facts could be viewed as ***a heightened basis for protecting the privacy of the putative defendants***, or simply grounds to deny the requested discovery on the basis of fundamental fairness." *In re: Adult Film Cases, supra,* at p. 16.

***The plaintiff here is actually one of the three plaintiffs Judge Brown was specifically describing***: Malibu Media, K-Beech, and Patrick Collins. *Id.* at p. 17 ("I find counsel for K-Beech has already engaged in improper litigation tactics in this matter, and find it highly probable that Patrick Collins Inc. and Malibu will likely engage in similar tactics if permitted to proceed with these mass litigations.")

-11-

One of the main tactics that Judge Brown found so "improper" was the use of "settlement negotiators" whom, notwithstanding a John Doe's protestations of innocence, "offer to settle with Doe defendants so that they can avoid digging themselves out of the morass plaintiff is creating." *Id.* at. pp. 8–9, 17, *citing On The Cheap, LLC v. Does 1-5011*, -- F.R.D. --, 2011 WL 4018258, at *4 (N.D. Cal. Sept. 6, 2011). As one court explained of K-Beech, "Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation." *K-Beech, Inc. v. Does 1-85*, 2011 U.S. Dist. LEXIS 124581, at *6 (E.D. Va. Oct. 5, 2011).

*Seven of the most notorious copyright trolls, including the plaintiff here, all employ the same third party company, based in Miami, to provide these harassing, "settlement negotiator" services*, pursuant to a "Joint Sharing Agreement." Declaration of Morgan E. Pietz ¶¶ 18–23. Specifically, "Zero Tolerance, Third Degree, Patrick Collins, K-Beech, Malibu Media, Raw Films, and Nu-Corp," all pool their resources to extract settlements as efficiently as possible. *See id.* ¶ 22.

The plaintiff will no doubt protest that there is nothing wrong with seeking to settle civil actions. However, as Judge Brown correctly explains,

> "It would be unrealistic to ignore the nature of plaintiffs' allegations – to wit: the theft of pornographic films – which distinguish these cases from garden variety copyright actions. Concern with being publicly charged with downloading pornographic films is, understandably, a common theme among the moving defendants. As one woman noted in *K-Beech*, "having my name or identifying or personal information further associated with the work is *embarrassing, damaging to my reputation in the community at large and in my religious community*." Mtn. to Quash, ¶5, DE [7]. Many courts evaluating similar cases have shared this concern. *See ,e.g., Pacific Century Int'l, Ltd. v. Does 1-37,* – F. Supp. 2d –, 2012 WL 1072312, at *3 (N.D. Ill. Mar. 30, 2012) ("the *subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle*"); *Digital Sin,* 2012 WL 263491,

at *3 ("This concern, and its potential impact on social and economic relationships, could **compel a defendant entirely innocent of the alleged conduct to enter an extortionate settlement**") *SBO Pictures,* 2011 WL 6002620, at *3 (defendants "whether guilty of copyright infringement or not- would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates **great potential for a coercive and unjust 'settlement'"**). . . .

The Federal Rules direct the Court to deny discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Proc. 26(c)(1). **This situation cries out for such relief.**" *Id.* at. pp. 17–18.

Moreover, here, in addition to (i) the use of the infamous Miami-based "settlement negotiator" company, there is ample evidence of other "abusive litigation tactics" employed by Malibu Media: (ii) using the subpoena process to collect on claims that go beyond the complaint; (iii) willfully violating courts' notice of related case rules; (iv) seeking John Doe phone numbers and email addresses despite a court order telling plaintiff not to do so; and (v) misrepresenting the range of potential damages. Declaration of Morgan E. Pietz re: Malibu Media's Abusive Litigation Tactics ¶¶ 15–31.

Federal Rule of Civil Procedure 1 requires that disputes be resolved in a manner that is "just" as well as speedy an inexpensive. Fed R. Civ. Proc. 1. Further, as noted by Judge Brown, this situation "cries out" for relief to protect the John Does from "annoyance, embarrassment, oppression or undue burden." Fed. R. Civ. Proc. 26(c)(1).

## V.  JOINDER IS NOT PERMISSIBLE AND, EVEN IF IT WERE, THE COURT SHOULD STILL EXERCISE ITS DISCRETION AND SEVER THE DOES

**(a)  Standard for Joinder**

Federal Rule 20(a)(2) provides that defendants "may be joined" if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

-13-

arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Proc. 20(a)(2). "However, ***even if the test is satisfied, district courts have the discretion to refuse joinder*** in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-522 (5th Cir. 2010) (internal citations omitted); *accord* 4-20 Moore's Federal Practice - Civil § 20.02.

**(b)** **Defendants Merely "Committed Same Type of Violation in the Same Way," Which is Not Enough to Satisfy Transactional Relatedness Test**

Judge McMahon of the Southern District of New York recently addressed joinder in a case quite similar to this one, as follows,

> "There is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong. Rather, I adopt and expressly incorporate into this memorandum order the reasoning of Judge Gibney in *K-Beech* [*Inc. v. John Does 1-85,* No. 3:11-cv468, 2011 U.S. Dist. LEXIS 124581, at *2-3 (E.D. [Va.] Oct. 5, 2011)][6]; Magistrate Judge Spero of the Northern District of California in *Hard Drive Productions, Inc. v. Does 1-188*, No. C-11-01566, 860 F. Supp. 2d 1150 (N.D. Cal. August 23, 2011)[7]; several other courts in the Northern District of California, including *Diabolic Video Productions, Inc. v. Does 1-2099*, 10 Civ. 5865, 2011 U.S. Dist. LEXIS 58351, at * 10-11 (N.D. Cal. May 31, 2011); and most especially the comprehensive Report and Recommendation of the Hon. Gary R. Brown, U.S.M.J., that was filed in our sister court, the Eastern District of New York, in *In re: BitTorrent Adult Film Copyright Infringement Cases,* No. 11-cv-3995, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012).

---

[6] (finding "the mere allegation that defendants used [BitTorrent] to copy and reproduce the Work … on different days and times, over a three month period" insufficient to support joinder);
[7] (collecting cases)

-14-

1
2
3
4
5
6
7
8
9

> All of the courts on which this Court relies, and whose reasoning I find persuasive, have concluded that where, as here, the plaintiff does no more than assert defendants 'merely commit[ed] the same type of violation in the same way,' it does not satisfy the test for permissive joinder pursuant to Rule 20. . . .what we have here is 245 separate and discrete transactions in which 245 individuals used the same method to access a file via the Internet—no concerted action whatever, and no series of related occurrences—at least, not related in any way except the method that was allegedly used to violate the law." *Digital Sins, Inc.*, *supra*, at p. 2–3. [8]

10
11
12
13

In short, across the country, there is a "stiffening judicial headwind" that is severing John Does from mass infringement pornography lawsuits such as this one like leaves on fall day. *See Pacific Century Int'l., Ltd. v. John Does 1-37*, – F. Supp. 2d –, 2012 WL 1072312 (N.D. Ill. Mar. 30, 2012) Case No. 12-cv-1057, Dkt. No. 23 at p. 7.

14
15
16
17
18
19
20
21

Further, plaintiff's strategy of never/seldom naming or serving any defendants effectively precludes consideration of joinder at a later stage of this case. Deferring a ruling on joinder, "encourages Plaintiff[] … to join (or misjoin) as many doe defendants as possible. . .Postponing the issue of joinder to a day that in all likelihood will never come only serves to aid Plaintiffs' attempt to avoid filing fees. While Plaintiffs are certainly entitled to vindicate their rights, they must play by the Federal Rules in doing so." *See Arista Records, LLC v. Does 1-11*, 2008 U.S. Dist. LEXIS 90183, at *16,17 (N.D. Ohio 2008) (citation omitted).

22

23
24
25
26
27
28

[8] *See also Boy Racer Inc. v. Does 1-60*, 11-cv-01738-SI, 2011, 2011 U.S. Dist. LEXIS 92994, at *4 (N.D. Cal. Aug. 19, 2011) (finding misjoinder because "Plaintiff [did] not plead facts showing that any particular defendant illegally shared plaintiff's work with any other particular defendant"); *AF Holdings LLC v. Does 1-97*, 2011 U.S. Dist. LEXIS 78636, *4 (N.D. Cal. July 20, 2011) (holding that even though BitTorrent protocols differ from previous peer-to-peer platforms, joinder is improper); *Raw Films, Ltd. v. Does 1-32*, 2011 U.S. Dist. LEXIS 114996, *2-7 (E.D. Va. Oct. 5, 2011); *Patrick Collins, Inc. v. Does 1-58*, U.S. Dist. LEXIS 120235, *2-7 (E.D. Va. Oct. 5, 2011); *Hard Drive Productions, Inc. v. Does 1-30*, 2011 U.S. Dist. LEXIS 119333, *6-10 (E.D. Va. Oct. 17, 2011).

**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**

As to those John Does who are severed, the case against them should be dismissed *without* prejudice, the subpoenas seeking their information should be quashed, and the plaintiffs given 30-days to refile a new, individual complaint against each severed Doe, after paying the filing fee.  *See In re: Adult Film Cases*, *supra*, p. 23–25; *Digital Sins, Inc.*, *supra*, at p. 2–3; *see also Digital Sins, Inc.*, *supra*, at p. 7 ("Because I have severed and dismissed all of the claims against the defendants, I hereby, *sua sponte*, quash any subpoena that may be outstanding to any Internet service provider seeking information about the identity of any John Doe other than John Doe 1.  Plaintiff is directed to send a copy of this order within 24 hours of its issuance to any and every internet service provider who has been served with a subpoena for any information concerning any other John Doe defendant.").

**(c)**  **John Does Accessing the Same File Days, Weeks or Months Apart Are Not Part of the Same Transaction or Occurrence**

As these lawsuits proliferate around the country, increasingly, courts are requiring mass infringement plaintiffs to "offer evidence justifying joinder of the Doe Defendants."  *E.g. Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 5.  Particularly where, as here, the alleged infringements are spread out over a substantial period of time,[9] courts have held that joinder of multiple Does is inappropriate.  *E.g., Raw Films, Inc. v. Does-1-32*, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011).  As the ISPs have argued in a case pending in the D.C. District, "Even assuming, *arguendo*, that the 'same series of transactions' included automatic file-sharing among users who are unaware of each other, ***it does not necessarily follow that users who may have shared excerpts of the same film days, weeks, or even months apart are part of***

---

[9] Here, in E.D. Cal. Case No. 12-cv-1260, John Doe No. 13 is alleged to have participated in a swarm transaction wherein s/he downloaded 13 infringing works on 2/18/2012 at precisely 14:45:53. According to Malibu Media,  wo and a half months later, on 5/1/2012 at 23:35:59, John Doe No. 1 was supposedly participating in that same swarm transaction, when s/he downloaded 26 copyrighted works. ***How two different people, who were completely unaware of each other, downloading*** <u>***different movies***</u> <u>***two and a half months apart from one another***</u>***, are supposedly part of the same "transaction" strains credulity***

*that "same series*." *AF Holdings LLC v. Does 1-1,058*, 12-cv-0048-BAH, Dkt. No. 8-1, 3/02/12 p. 11 (memorandum of law submitted by non-party ISPs).  Thus, many courts have held, like Judge Wright in a Malibu Media cases pending in the Central District, that,

> "The loose proximity of alleged infringements (March 5, 2012-April 12, 2012) does not show that these Defendants participated in the same swarm. As discussed above, a downloader may log off at any time, including before receiving all the pieces of the copyrighted work. Without evidence that these Does acted in concert, joinder is improper—the Doe Defendants should be severed and dismissed under Federal Rule of Civil Procedure 21." *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, pp. 5–6; *see, e.g., fn 9, supra*.

Any Court adopting an approach that allows the plaintiff to mis-join multiple Does prior to service, rather than the approach apparently preferred in California, New York, and Texas, is likely to become a destination forum for this kind of lawsuit.

**(d)**     **Even if Joinder Were Permissible, The Court Should Still Exercise its Discretion and Sever the Does in Light of This Plaintiff's Abusive Litigation Tactics and the Burden on the Courts, the ISPs and the Does**

For all of the reasons noted above, including Malibu Media's "abusive litigation tactics," the Court should exercise its discretion and sever the Does, even if it finds joinder permissible. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521-522 (5th Cir. 2010) (internal citations omitted).

There is also one more excellent reason for the Court to exercise its discretion and sever the Does: *filing fees*.  The *In re: Adult Film Cases* court recently noted that it appeared that just in that district, three plaintiffs had avoided paying over $100,000 in filing fees.   "If the reported estimates that hundreds of thousands of [John Doe] defendants [in mass infringement cases] have been sued nationwide, plaintiffs in similar actions may be evading millions of dollars in filing fees annually.  Nationwide, these plaintiffs have availed themselves of the resources of the court system on a scale rarely seen.  It seems

-17-

**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**

improper that they should profit without paying statutorily required fees." *In re: Adult Film Cases, supra*, p. 23.

## VI.  PROTECTIVE ORDER SHOULD BE ENTERED

The Federal Rules of Civil Procedure "direct the Court to deny discovery 'to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.' Fed. R. Civ. Proc. 26(c)(1). *This situation cries out for such relief*." *In re: Adult Film Cases, supra*, at p. 18.

As one judge observed in another of these cases, "*Plaintiff's counsel estimated that 30% of the names turned over to the ISP's are not those of the individuals who actually downloaded or shared copyrighted material.*" *Digital Sin, Inc. v. Does 1-176*, -- F.R.D. --, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012). Since the likelihood that innocent people are being sucked into the "the morass plaintiff is creating," is so high, the Court should enter a protective order designed to help safeguard the rights of the Does, many of whom are "reasonably likely" be innocent. *Malibu Media, LLC v. John Does 1-11*, 2012 U.S. Dist. LEXIS 94648 (D.D.C. July 10, 2012) (issuing protective order and citing *In re: Adult Film Cases* for proposition that "there is a reasonable likelihood that the Movant may have had no involvement in the alleged illegal downloading that has been linked to his or her IP address").

Here, given that Malibu Media has already received some subscriber information pursuant to subpoenas which should not have been authorized because they fail the *Gillespie* and *Semitool* analysis, an appropriate protective order should take the following form: (i) the identity and contact information of each of the John Does should be delivered to the Court, rather than to the plaintiff; (ii) such information should be kept confidential and maintained under seal until the case reaches the merits; (iii) Malibu Media may not use or disclose any information it has obtained thus far for any defendants other than John Does No. 1; (iv) under no circumstance should subscriber telephone numbers and email addresses be requested in any future early discovery requests made in this District; and (v) Malibu Media and its counsel should be directed to comply with the procedure of only

-18-

filing complaints against individual Does, after paying the filing fees in each case, in all similar cases they re-file or file in this District in the future.

## VII.  COURTS ARE INCREASINGLY ENDORSING "THE SENSIBLE PROTOCOL ADOPTED BY JUDGE BROWN" IN THESE CASES

Malibu Media is now apparently in the habit of trying to mitigate the damage done by Magistrate Brown's seminal order and report in *In re Adult Film Cases, supra,* by arguing that this order has subsequently been "rejected" by Magistrate Thomas E. Boyle, who also sits in the Eastern District of New York, and who supposedly "reached the opposite result" in a later case, "finding in a case similar to this that joinder is proper, and denying a doe defendant's motion to quash the subpoena."  Plaintiff's Opp'n to Doe 5's Motion for Sanctions re: Malibu Media's Repeated Violations of Notice of Related Cases Rule, C.D. Cal. Case No. 12-cv-3614, Dkt. No. 20, p. 6, 7/16/12.  To put it as charitably as possible, this is a material mischaracterization of Judge Boyle's order of June 19, 2012.

In reality, Judge Boyle did not "reject" Magistrate Brown's order whatsoever, or find that "joinder was proper."  Rather, Judge Brown denied the motion to quash because the *pro se* Doe defendant bringing it failed to follow the Court's instructions that he identify himself to the Court by Doe number, and, as to joinder, Judge Boyle concluded that since the Doe was not properly identified, he lacked standing to seek severance.  Far from holding that joinder was "proper," Judge Boyle simply concluded that since the Doe lacked standing, "At this point in the action, it is premature to make such a determination."  However, even the denial, was "without prejudice to renewal [of Doe's motion] after service of process is complete as to any defendant."  *Malibu Media v. John Does 1-13*, E.D. Va. Case No. 12-cv-1156, Dkt. No. 26, 6/19/12 (Boyle, J.).

In fact, quite to the contrary of what Malibu Media would have the Court believe, Courts across the country are increasingly *endorsing* the "sensible protocol adopted by Magistrate Judge Brown." *Digital Sins, Inc.*, *supra*, at p. 8 (reviewing prior cases, explicitly adopting "most especially the comprehensive Report and Recommendation of the Hon. Gary R. Brown," and ordering that, in the future, "***any effort to take discovery***

-19-

*prior to service must follow the sensible protocol adopted by Magistrate Judge Brown* in *In re: []Adult Film [] Cases.*"); *see also, e.g., Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 75986, 2-3 (E.D.N.Y. May 31, 2012) (citing *In re: Adult Film Cases* and finding "that *for the reasons set forth in the well-reasoned decision of Magistrate Judge Gary R. Brown* dated May 1, 2012, plaintiff has not satisfied the requirement of establishing that defendants participated in the same "transaction" or "occurrence" within the meaning of Fed. R. Civ. P. 20."); *Zero Tolerance Entm't, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 78834 (S.D.N.Y. June 5, 2012) (severing all Does other than Doe No. 1 and *explicitly "adopt[ing] the procedures of Judge McMahon and Magistrate Judge Brown*"); *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 96351 (E.D. Cal. July 10, 2012) (citing *In re: Adult Film Cases* and denying early discovery for all Does other than Doe No. 1); *Patrick Collins, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 96350 (E.D. Cal. July 10, 2012) (same); *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 96333 (E.D. Cal. July 10, 2012) (same); *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 94705 (E.D. Cal. July 6, 2012) (same); *Malibu Media, LLC v. John Does 1-54*, D. Co. Case No. 12-1407, Dkt. No. 14, 7/25/12; *Malibu Media, LLC v. John Does 1-5*, D. Co. Case No. 12-1405, Dkt. No. 14, 7/25/12.

## VIII.  CONCLUSION

Judge McMahon of New York's Southern District aptly concluded, "I am second to none in my dismay at the theft of copyrighted material that occurs every day on the Internet.  However, there is a right way to litigate and a wrong way to litigate, and so far this way strikes me as the wrong way." *Digital Sins, Inc.*, *supra*, at p. 8.  The same can be said here.  For the foregoing reasons, the Moving Parties respectfully request that the Court reconsider and vacate its order authorizing early discovery, sever all Does other than Does No. 1, dismiss the complaints against them, quash their outstanding subpoenas, and enter a protective order directing Malibu Media and its counsel to comply with the "sensible protocol" developed by Judge Brown of New York's Eastern District in future cases filed in this District.

DATED: August 3, 2012

Respectfully,


 _/s/ Morgan E. Pietz_____

Morgan E. Pietz (Cal. Bar No. 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile:   (310) 546-5301

Attorney for the putative Does identified on
the caption

**MEMORANDUM IN SUPPORT OF JOHN DOES' OMNIBUS MOTION THAT THE COURT: (1) RECONSIDER AND VACATE ITS ORDER GRANTING EARLY DISCOVERY; (2) SEVER AND DISMISS ALL DOES OTHER THAN DOES NO. 1; AND (3) ENTER A PROTECTIVE ORDER**