Nicholas Ranallo, Attorney at Law (SBN #275016)
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com
Attorney for ISP Subscriber ("John Doe #8")

Morgan E. Pietz (SBN 260629)
The Pietz Law Firm
3370 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
Phone: (310) 424-5557
mpietz@pietzlawfirm.com
Attorney for ISP Subscribers ("John Doe # 2, 5, & 12")

# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | Case No.: 2:12-cv-01260-MCE-JFM |
| Plaintiff, | Magistrate Judge John F. Moulds |
| vs. | COMBINED REPLY IN SUPPORT OF OMNIBUS MOTION FOR A PROTECTIVE ORDER, MOTION TO SEVER AND MOTION FOR RECONSIDERATION |
| JOHN DOES 1-13, | |

**JOHN DOES #2, 5, & 8 REPLY TO PLAINTIFF'S OPPOSITION**

Movants, the ISP subscribers associated with "John Does" 2, 5, 8, & 12[1] through undersigned counsel, hereby submit this Combined Reply in support of their separate motions (ECF Nos. 17 & 19).  These Does sought substantially the same relief in their original, separately filed motions, including 1) Reconsideration of this court's order authorizing early discovery; 2) Protective Orders; and 3) Recommendations of Severance as to Does 2-13.  Does 2,5, 8, & 12 have consolidated their reply in order to avoid unnecessary duplication of argument.

---

[1] John Doe # 12 joined in the motion of Does # 2 & 5 on September 20, 2012. ECF No. 25.

## I. Introduction

Most of the pertinent issues regarding this motion have been briefed thoroughly, and the instant reply will narrow its focus to a few key points. First, Plaintiff has not established that joinder of these 13 unrelated individuals in this suit is appropriate, nor that the complaint could withstand a motion to dismiss for improper joinder. Plaintiff ignores the recent decisions from the Eastern District of California that have dealt with precisely the requests at issue here – each of which rejected early discovery beyond Doe #1.

Second, Plaintiff has failed to establish that its requested discovery is likely to identify the infringer and, therefore, good cause for early discovery has not been established. Plaintiff fails to cite to the applicable 9th Circuit standard for early discovery, and has not established that the requested discovery is likely to identify the infringer.

Finally, Plaintiff has not refuted several of the crucial allegations made in Doe #'s 2 & 5 original brief regarding improper litigation tactics (ECF No. 17). These allegations establish in detail the type of harassment, embarrassment, and undue burden and expense that the Movants face if the instant requests are not granted.

## II. Argument

### A. PLAINTIFF HAS NOT ESTABLISHED THAT MASS JOINDER IS APPROPRIATE

1. <u>Plaintiff's Theory of Joinder has Been Rejected Repeatedly in this District.</u>

As noted in Doe #8's original motion (and totally ignored in Plaintiff's opposition thereto), multiple judges in the Eastern District of California have recently rejected the exact theory of mass joinder presented by Plaintiff herein. Plaintiff's opposition states that "numerous courts in California have held that joinder is proper...," however Plaintiff ignores the fact that the Eastern District of California does not appear to be one of them. It is true that Judge Delaney initially allowed mass joinder in two cases, though she has since explicitly rejected her prior position. Specifically, she found that Does have "correctly asserted that the mass joinder of unrelated defendants is improper under Federal Rule of Civil Procedure 20." *Smash Pictures v.*

*Does 1-590,* 2:12-cv-00302 (ECF Doc. 21 at 2)(E.D. Cal. June 14, 2012).  District Judge Mendez adopted the recommendations of Judge Delaney and dismissed all but Doe #1.  In addition, Judges Brennan and Newman have each denied discovery, except as to Doe #1, in similar BitTorrent infringement cases, noting that improper joinder appears "endemic" to Plaintiff's cases.  None of these decisions are mentioned in Plaintiff's opposition, and Plaintiff offers no reason why this court should diverge from others in this district on the issue.

2. <u>Plaintiff's Claims Do Not Involve the Same Transactions or Occurrences and Will Not Promote Judicial Efficiency</u>

Plaintiff's opposition forwards an interpretation of Rule 20 that would, in essence, allow any defendant or any claim, from the Big Bang to the present day, to be joined in a single suit in the interest of "judicial efficiency."  Indeed, Plaintiff argues that all Does in this case are part of the same transaction or occurrence because the offending file at some time originated from a single individual ("the initial seeder").  According to Plaintiff, then, all infringements of this file from Day 1 through the present day are properly joined in this action, since they originated from the same work.  Plaintiff goes so far as to argue that "Time Lapse is Irrelevant," and that all Does are properly joined in this action even though Plaintiff's own evidence shows that they allegedly accessed the offending file at vastly different times.  For example, Doe #1 is alleged to have accessed the file on May 1, 2012, whereas Doe #8 is accused of accessing the file months earlier, on February 28.

Plaintiff's argument is incorrect.  First, the "logical relationship" test noted by Judge Randon and cited by Plaintiff throughout is not the law from this circuit.  In the Ninth Circuit, the bar is higher.  "The 'same transaction requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a **very definite logical relationship.**"  *Hubbard v. Hougland*, 2010 U.S. Dist. LEXIS 46184 (E.D. Cal. Apr. 5, 2010) (emphasis added); citing *Bautista v. Los Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000).  Here, while there may be a "logical relationship," as noted by Judge

Randon, the logical relationship is nebulous--consisting of an unknown number of theoretical connections between unknown participants.

More importantly (and contrary to Malibu Media's assertions), the "time lapse" between the alleged infringements **does** matter for joinder purposes. See, e.g. *Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, pp. 5–6 ("The loose proximity of alleged infringements (March 5, 2012-April 12, 2012) does not show that these Defendants participated in the same swarm"). At least one Court has gone so far as to hold that the "transactional relatedness" test is only satisfied in online download cases when parties are downloading a file *at the same time*. *DigiProtect USA Corp. v. Doe*, 2011 U.S. Dist. LEXIS 109464, 8-9 (S.D.N.Y. Sept. 26, 2011) (for defendants to be part of same "swarm," a user must have "downloaded the movie from the same website during overlapping times" with another member of the swarm); see also *Raw Films, Inc. v. Does 1-32,* 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011)("Downloading a work as part of a swarm does not constitute 'acting in concert' with one another, particularly when the transactions happen over a long period of time;" time span of 4 months); *Liberty Media Holdings, LLC,* 2011 WL 5190106, at *3 (S.D. Fla. Nov. 1, 2011) (same; time span of two months); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 WL 5190048, at *2–4 (S.D. Fla. Nov. 1 2011) (same; time span of two months). Here, plaintiff has not alleged that plaintiff's were downloading files at the same time so there really is no "swarm," and therefore no basis for "swarm joinder."

Even if the court is persuaded that Plaintiff meets the technical requirements of Rule 20, Rule 21 nonetheless allows a court "on motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.  District courts have wide discretion in exercising its powers under Rule 21 and action is needed in the instant case to prevent prejudice to the 59 unrelated individuals accused in this action.  The Ninth Circuit has found that "even once [the Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would `comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats*

*Company*, 232 F.3d 1271, 1296 (9th Cir.2000); *see also Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 521-522 (5th Cir. 2010) ("even if the test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.")

As recently recognized by a judge in Florida's Southern District "allowing the permissive joinder of all 31 Doe Defendants would prejudice the Defendants due to the logistical burdens that would arise in the course of litigation." *AF Holdings v. Does 1-31*, 1:12-cv-20922-UU (S.D. Fl. August 7, 2012)(ECF Doc. 32 at pg. 18). The Northern District of California has recognized these precise concerns, and noted that "Even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a) of the Federal Rules of Civil Procedure, the Court finds it is appropriate to exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and unfairness to Defendants, and in the interest of justice." *Hard Drive Productions, Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1164 (N.D. Cal. 2011).

The court in *Hard Drive* noted a number of facts that would prejudice the Doe defendants. "First, permitting joinder in this case would undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case." Id. The court goes on to note that each Doe would likely have unique defenses, "creating scores of mini-trials involving different evidence and testimony," and, finally, determines that permissive joinder of the Doe defendants "does not comport with the 'notions of fundamental fairness,'" that are required. Id. In doing so, the court aptly described the logistical nightmare that would ensue.

> "The joinder would result in numerous hurdles that would prejudice the defendants. For example, even though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the 188 Does having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial. These burdens

completely defeat any supposed benefit from the joinder of all Does in this case, and would substantially prejudice defendants and the administration of justice."
Id.

The court in *Hard Drive* was correct that the mass joinder of unrelated individuals, even if technically allowable under Rule 20, would result in serious prejudice to the Doe defendants and create a thoroughly unmanageable case for this court and the putative defendants. As such, Movant respectfully requests that this court recommend severance of Does 2-13.

**B.   THIS COURT SHOULD RECONSIDER ITS PRIOR ORDER AUTHORIZING EARLY DISCOVERY**

Plaintiff purports to cite the standard for early discovery, though they omit one element that is essential in the Ninth Circuit – that the requested discovery must be likely to identify the Doe Defendant. See *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Here, as described at length in the original motion, Plaintiff's requested discovery is not likely to identify Doe Defendants. Plaintiff's opposition states that the requested discovery must only be "reasonably calculated to lead to the discovery of admissible evidence." (Doc. 19 at 8). Although this may accurately state the requirements for information to be *relevant,* it does not accurately state the Plaintiff's burden when seeking expedited discovery into the identity of "John Doe" defendants.

As noted in a similar BitTorrent case in the Northern District, in the context of early discovery "the court asks whether the requested discovery is 'very likely' to reveal the identities of Doe defendants." *Hard Drive Productions v. Does 1-90*, 5:11-cv-03825-HRL (Doc. 18)(Order Denying Application for Leave to Take Expedited Discovery)(N.D. Cal. Mar. 30, 2012)(citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff here has conceded (as it must) that the IP address holder is not necessarily the Doe defendant, though it has proposed no means by which it might gain the identity of the defendant, beyond the instant subpoena. As another Plaintiff was forced to admit, a Plaintiff may need "**nothing less than an inspection of the subscriber's electronically stored information and tangible things, including each of the subscriber's computer and the computers of those sharing his network**" in order to determine the identity of the infringer. *Boy Racer, Inc. v. Does 1-52*, 2011 WL 7402999 (N.D. Cal. 2011) (emphasis added). As such, Plaintiff has failed to satisfy a

requirement for early discovery, and Movants respectfully request that this court vacate its prior order authorizing such discovery.

## C. MOVANTS HAVE ESTABLISHED ENTITLEMENT TO A PROTECTIVE ORDER

Each Movant's original motion detailed the substantial burdens that a Doe defendant must face if their request for a protective order is not granted herein. Plaintiff decries what they describe as "guilt by association," while trying to sidestep the fact that the harshest words from either brief were **from a district court judge** and directly precisely to Malibu Media. Judge Wright cautioned Malibu Media that "The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme..." *Malibu Media, LLC v. John Does 1-10*, 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012).

Moreover, with respect to the abusive litigation tactics described in the Declaration of Morgan E. Pietz (ECF No. 17-2), Plaintiff's opposition simply dodges two of the most damning allegations. Notably, Plaintiff has no retort at all to "Abusive Litigation Tactic Number One" (ECF No. 17-2, p. 6) which is Mr. Pietz's charge that Malibu Media has repeatedly violated the Notice of Related Cases Rule in multiple districts, in the hopes that it can convince at least some Judges to bite on plaintiff's theory of mass joinder. *See* ECF No. 24, pp. 16-18.

Further, Malibu Media also misses the point as to why "Abusive Litigation Tactic Number Four" (ECF No. 17-2, p. 9-11), which concerns taking discovery beyond the four corners of the complaint, is improper in this case. Obviously, Malibu Media has been permitted to issue certain subpoenas. Mr. Pietz did not suggest that issuing subpoenas alone is abusive. Rather, Mr. Pietz's point is that where, as here, early discovery was authorized on the condition that "(B) Plaintiff, Malibu Media, LLC, may only use the information disclosed for the sole purpose of protecting its rights in pursuing this litigation;" (ECF No. 13, p. 6) it is inappropriate to use the subpoenas issued (subject to that condition) to try and collect on unrelated allegations that are not alleged in the complaint. As Mr. Pietz's declaration, and Exhibit D thereto show, Malibu Media routinely uses subpoenas as a jumping off point to begin settlement conversations

about claims that are not alleged in the complaint, and therefore not subject to Rule 11. Further, as shown in a declaration filed by Mr. Pietz more recently, this business of using subpoenas to take Malibu Media's collection efforts well beyond the four corners of the complaint has not been an isolated incident for Ms. Kushner's office. *See, e.g., Malibu Media v. John Doe*, S.D. Cal. Case No. 3:12-cv-1135-LAB, ECF No. 17-2, pp. 7-10) (Declaration of Morgan E. Pietz).

### III.  CONCLUSION

For the reasons described in Movants' original Motions for Protective Order, Motion to Sever, and Motion for Reconsideration and described herein, Movants respectfully request that this Court grant their motion for a protective order and/or reconsider their prior order authorizing early discovery as to the 13 unrelated individuals implicated herein.

Respectfully Submitted,                                                                 September  20, 2012


__/S/ Nicholas Ranallo_____
COUNSEL FOR ISP SUBSCRIBER ("John Doe #8")
Nicholas Ranallo, Attorney at Law
California Bar # 275016
371 Dogwood Way,
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com


___/s/Morgan Pietz_____
Morgan E. Pietz
The Pietz Law Firm
3370 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
Phone: (310) 424-5557
mpietz@pietzlawfirm.com
Attorney for ISP Subscribers ("John Doe # 2, 5 & 12")

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of September, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

By: /s/Nicholas Ranallo

Nicholas Ranallo